Case 4:15-cv-01192   Document 42   Filed in TXSD on 06/13/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTHA MEDINA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1192 |
| § | |
| ALICIA'S MEXICAN GRILLE INC., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Conditional Certification and Notice to Potential Plaintiffs. (Document No. 21). Having considered the Motion, Defendants' Response (Document No. 25), Plaintiff's Reply (Document No. 28), the facts in the record, and the applicable law, the Court concludes the motion should be denied.

**I.     Background**

Plaintiff Martha Medina ("Medina") filed this case pursuant to Sections 29 U.S.C. §§ 201–16 of the Fair Labor Standards Act (the "FLSA"). (Document No. 21 at 6). Medina filed her Complaint "as a collective action, individually and on behalf of other similarly situated servers, waiters/waitresses, hostesses, bartenders, and other tipped employees and those performing the same or similar job duties at Alicia's who might opt-in this lawsuit." *Id*. Medina alleges Defendant Alicia's Mexican Grille Inc. ("Alicia's") violated the FLSA as follows:

> Medina and other members of the Class: (1) were required to participate in a mandatory tip pool, which was extended to employees that do not regularly and customarily receive tips; (2) had the cost of uniforms deducted from their pay, thus reducing their pay below the statutory minimum wage; (3) had impermissible withholdings from their tips for incorrectly fulfilled orders; and (4) were required to work off-the-clock, resulting in unpaid hours and artificially reducing hours below forty hours per week.

*Id*. at 4. Medina alleges that a collective action under 216(b) of the FLSA is appropriate, because there are other similarly situated employees who were affected by these policies. *Id*. at 3.

## II.  Legal Standard

Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Like most district courts, this Court handles FLSA claims in two stages, as set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), a notice stage followed by a decertification stage. *See Blake v. Hewlett-Packard Co.*, No. 4:11-CV-592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013) (explaining rationale). This case is at the notice stage, where the court makes a preliminary determination of whether potential plaintiffs are similarly situated to the named plaintiff. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Plaintiffs bear the burden of establishing they are similarly situated to other employees in the proposed class. *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 506 (M.D. La. 2005).

The FLSA does not provide a definition of "similarly situated," leaving the matter for courts to determine. *See* 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.). Courts customarily determine whether the burden at the notice stage is met "based only on the pleadings and any affidavits which have been submitted." *Mooney,* 54 F.3d at 1213-14. Courts apply a "fairly lenient standard," requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney,* 54 F.3d at 1214, n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

Usually at the notice stage, because discovery has not yet occurred, courts do not review the underlying merits of the action in deciding whether to conditionally certify the class. *Walker*

*v. Honghua America, LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). "At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (citations omitted).

Courts have denied conditional certification where "the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England,* 370 F. Supp. 2d at 507. In addition, courts often consider policies of judicial economy and avoidance of "'stirring up' of litigation through unwarranted solicitation" as balanced against the remedial policy of the FLSA. *Severtson v. Philips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991); see *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (explaining that the benefits of collective actions for judicial economy depend on employees receiving "accurate and timely notice" and that "the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice").

**Discussion**

    A.    **Existence of Class Members**

First the Court will consider whether there is a reasonable basis for crediting the assertion that other aggrieved individuals exist. *McKnight*, 756 F. Supp. 2d at 801. Medina has not filed declarations from any other servers, but, in her affidavit, Medina states that she and other servers were paid $2.13 per hour; that the impermissible tip pool applied to all servers; that she and other servers were not permitted to clock in until serving their first table of the day, despite arriving earlier; that she and other servers were not allowed to clock in during mandatory meetings; that

Alicia's made Medina and other servers pay for their uniforms via a paycheck deduction; and that Alicia's would withhold the full cost of a meal from Medina's and other servers' tips if a customer order were fulfilled incorrectly.[1] (Document No. 21-1 at 2-4). Although Medina's affidavit provides the only evidence of the existence of these similarly aggrieved employees, the Court will assume that Medina has established a reasonable basis for crediting the assertions that aggrieved individuals exist. *Simmons v. T-Mobile USA, Inc.*, No. CIV A H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007) (finding the first factor met, where plaintiff only presented his own affidavit as evidence of existence of other class members). *See also Hayes v. Laroy Thomas, Inc.*, No. 5:05CV227, 2006 WL 1004991, at *7 (E.D. Tex. Apr. 18, 2006) (allowing certification where plaintiffs did not present any affidavits from other potential plaintiffs); *Neagley v. Atascosa Cty. EMS*, No. CIV.A.SA04CA0893XR, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7, 2005) (same). However, Plaintiff's complaint is at the "outer bounds of what should be presented to the Court when presenting a collective action." *Neagley*, 2005 WL 354085, at *3.

### B. "Similarly Situated"

Given the existence of potential class members, the Court must determine whether Medina has made substantial allegations that "those aggrieved individuals are similarly situated to [her] in relevant respects given the claims and defenses asserted." *McKnight*, 756 F. Supp. 2d at 801. Medina must allege that the potential class members were subject to a "single decision, policy, or plan infected by discrimination," *Mooney*, 54 F.3d at 1214, n.8, rather than "circumstances purely personal to the plaintiff." *England,* 370 F. Supp. 2d at 507. Medina's

---

[1] The Court excludes allegations solely related to Medina, such as her allegation that "[n]either Mr. Herrera nor any other employee at Alicia's ever informed *me* of the provisions of the tip credit or tip-pooling arrangement." (Document No. 21-1 at 3) (emphasis added); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

affidavit alleges that other servers were subject to the same policies as she was (not being able to clock in, and uniform and meal deductions), but does not allege that any hostesses, bartenders, or other tipped employees were subject to these same policies. (Document No. 21-1 at 2-4). Therefore, the relevant class as to these claims can only include other servers.

Medina does state that "Alicia's allowed not only its servers to be paid from the tip pool, but the tip pool was extended to also pay bartenders, hostesses, busboys, and expediters (also known as 'expos')." *Id*. at 3. However, there is no evidence that bartenders and hostesses[2] are "similarly situated" to Plaintiff, given the differences in job titles, and presumably in duties. Plaintiff does not describe the duties of bartenders or hostesses, but typically each would have a different role from Plaintiff.[3] At this first stage, "there must be a showing of 'some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency.'" *McKnight*, 756 F. Supp. 2d at 801. *See also Foraker v. Highpoint Sw., Servs., L.P.*, No. CIV.A. H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (workers in same job category and treated "as a single class of employee[s]" were similarly situated); *Aguirre v. SBC Commc'ns, Inc.*, No. CIV.A. H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) ("Plaintiffs' conclusory and unsupported allegations are inadequate even for first-stage certification and notice, particularly given the affidavits […] describing significant differences in coach leaders' job duties."). Even if employees in other positions were subject to the same general policy regarding the tip pool, the facts and legal issues relevant to each would be very different, negating any judicial efficiency. Therefore, the relevant class can only include other servers.

---

[2] These are the two positions which Plaintiff seeks to join in her collective action, and which she alleges were subject to the tip pool. (Document No. 1 at 2; Document No. 21-1 at 3).

[3] In addition to different job duties, bartenders and hostesses would likely have a different base pay rate, as well as a different amount of tips received, if any. Therefore, the tip pool policy would affect them differently.

Furthermore, Medina's affidavit does not include allegations or evidence of similar policies at additional Gloria's locations, other than where she worked (the Cypress location). *Id*. Therefore, the relevant class can only include servers at the Cypress location. *Wilson v. Navika Capital Grp., LLC*, No. CIV.A. H-10-1569, 2011 WL 3020876, at *3 (S.D. Tex. July 22, 2011). Medina's affidavit appears to contain sufficient allegations that other servers at Alicia's Cypress location were subject to the same policies, given the low burden on plaintiffs at this stage.[4] *McKnight*, 756 F. Supp. 2d at 801. However, the Court will not consider this issue further, because, as described below, class certification is not appropriate.

**C. Desire to opt-in to the lawsuit**

Lastly, the Court will consider whether other potential plaintiffs want to opt-in to Medina's suit. *McKnight*, 756 F. Supp. 2d at 801. "A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 805 (internal quotations and citations omitted). Medina has not included any affidavits from other potential class members, nor does she allege that she is aware of anyone who is interested in joining the lawsuit. Therefore, she has failed to meet her burden on this criterion, and class certification is not appropriate. *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015) ("In addition to requiring the existence of similarly situated individuals, most courts require that a plaintiff present some evidence that those individuals are likely to opt-in to the lawsuit."); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014)

---

[4] It is not appropriate for the Court to consider Defendants' evidence regarding these policies at this time. *Walker v. Honghua America, LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

("[B]efore granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees ... who would desire to opt-in to this lawsuit.") (quoting *Valcho v. Dallas Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008)); *Simmons*, 2007 WL 210008, at *9 (denying certification where plaintiff did not present any admissible evidence that other aggrieved employees were interested in participating in plaintiff's suit). *See also Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) ("Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit."); *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991) ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'"). *But see Argo v. Precision Drilling Co., LP*, No. 4:15-CV-00604, 2015 WL 9319233, at *1 (S.D. Tex. Dec. 23, 2015) ("This Court has rejected that requirement because it is 'at odds with the Supreme Court's command that the FLSA be liberally construed to effect its purposes.'") (quoting *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. CIV.A. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008)).[5]

This requirement exists because "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Simmons*, 2007 WL 210008, at *9. Furthermore, "courts ... have a responsibility to avoid the 'stirring up' of litigation through

---

[5] In *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, two plaintiffs already existed. No. CIV.A. H-08-1212, 2008 WL 5204149, at *1 (S.D. Tex. Dec. 11, 2008). In *Argo v. Precision Drilling Co., LP*, there was an additional declaration from an opt-in plaintiff. No. 4:15-CV-00604, 2015 WL 9319233, at *2 (S.D. Tex. Dec. 23, 2015). Therefore these two cases are not directly relevant to the case at hand. If Plaintiff had even one declaration, other than her own, the circumstances would be different. *Wedel v. Vaughn Energy Servs., LLC*, No. 2:15-CV-93, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 9, 2015) ("The Court finds that two individuals [named as putative opt-in plaintiffs] satisfy the third *Lusardi* factor.") (citing *Pacheco v. Aldeeb*, No. 5:14–CV–121–DAE, 2015 WL 1509570 (W.D. Tex. Mar. 31, 2015); *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 768 (N.D. Tex. 2013); *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012)).

unwarranted solicitation." *Valcho*, 574 F. Supp. 2d at 622 (quoting *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

### III. Conclusion

Plaintiff's Motion for Class Certification will be denied, because Plaintiff has failed to demonstrate that any other aggrieved employees have an interest in joining her lawsuit. This fact, combined with the sparse evidence that other potential plaintiffs even exist, makes certification inappropriate.[6]

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Certification (Doc. 21) should be **DENIED**.

SIGNED at Houston, Texas, this 13th day of June, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[6] This ruling does not prevent Plaintiff from using independent efforts to identify potential plaintiffs of the lawsuit. *Valcho v. Dallas Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 622, n.1 (N.D. Tex. 2008) (citation omitted). Any additional plaintiffs can then join as named parties. *Id*. at n.2 (citation omitted).